## *Hiram Burnham* and *Daniel Mayo* vs. *Gilbert Brewster.*

After a judgment by default in an action on promisory note given for the right of making and vending a spinning machine, the court will grant a new trial if it appear that the machine is of much less value than represented to be by the patentee at the time of the sale of the *right* and execution of the note, and that its inutility was not sufficiently known by the defendant at the time of the judgment, to afford him any prospect of a valid defence.

In such case new trial will be granted, *on condition*, that the petitioner recover no past cost in the action, nor the cost of the petition : and if the petitionee elect to enter a *nonsuit* in the original action at the next term after new trial is granted, he may do so without paying cost.

In such case also the court will not permit the decision granting a new trial, to be recorded, unless the petitioner enter into a rule, that any judgment obtained by the sheriff against the person who had receipted to him the property attached on the orignal writ, and any security taken by said sheriff to secure the payment of said judgment, should not be affected by granting a new trial ; but remain as security for the payment of any sums said petitionee may recover on final trial in the original action.

*Chittenden,* Jan. 1828. ⎱ THIS was a petition for a new trial in
*Burnham, et al.* vs. *Brewster.* ⎰ an action defaulted in the County Court
at their March Term, 1826. Said petition was brought directly to
this court pursuant to the provisions of a late Statute of this state.

The ground of this petition was that the note of $465 on which
the original action had been brought, was given for the balance of
$1500, contracted to be paid by the petitioners for the right of ma-
king, using and vending in the counties of *Chittenden, Franklin* and
*Grand Isle, Brewster's* domestic self adjusting spinner, for spin-
ning wool from the roll :—that they were induced to make the
purchase by the false and fraudulent representations of said
*Brewster* with regard to the operation of said machines and their
use in spinning :—that the machine is of no value whatever, and
that its want of utility was not known to the petitioners till after
said judgment was rendered by default, but has since been fully
discovered, as they expect to show by affidavits.

It appeared that property had been attached on the original writ
and receipted to the sheriff, and a judgment obtained by the sheriff
on that receipt, and a mortgage security given to secure the pay-
ment of that judgment.

Several affidavits were adduced by the petitioners tending to
show that the agent of *Brewster,* who made the contract in his
behalf, before and at the sale to the petitioners, recommended the
machine in the highest terms for its utility both for spinning fast
and making the yarn good :—that the said agent applied to men of
influence to attend at the time and place appointed for making
sales of said patent right and make offers to purchase, not with a
view of purchasing, but to induce others to purchase, and that the
petitioners did purchase on the recommendations of the agent of
*Brewster ;* and that the note in question was given for part of
the purchase money ; and that, upon a full experiment, the right
is of little or no value. And the petitioners filed their own affida-
vits, stating that they let judgment go by default supposing that the
machine would prove as good as recommended, and that upon a full
experiment since made it proves otherwise.

*Robinson, Van Ness* and *Allen,* for the petitioners, contended
that these affidavits furnished sufficient ground for granting a new
trial, or for setting aside the default and letting in the defence
to the action now stated in the petition.

*Bailey*, for the petitionee, contended ⎧ Chittenden, Jan. 1828.
that to entitle the petitioners to a new trial ⎨ *Burnham et al.* vs. *Brewster.*
they must prove to the satisfaction of the court that the evidence which they pretend to have discovered since the judgment upon the original note, would be sufficient to prevent a second recovery upon the same at another trial, and that they have really discovered this evidence since the rendition of the aforesaid judgment, and that they could not by proper diligence and inquiry, have availed themselves of it in the former action.

The evidence is extremely vague in its character. It does not show a failure of consideration. The note was given, not for the machine merely, but for the exclusive right of "building, using and vending," the said machines in the counties of *Chittenden, Franklin* and *Grand Isle. Burnham* does not appear to have been a manufacturer, and his chief object must have been to benefit himself by selling out the above mentioned right within his prescribed limits. There is no proof that he attempted to do this. If he suffered any failure or loss in building, using or vending, it did not result from any fault in the principle or structure of the machine, which was not visible or discoverable upon the slightest trial and observation. The deponents say it was too complicated to be cheaply and easily worked. No man of common prudence can be presumed to have purchased for the sum of fifteen hundred dollars a machine or right without some examination of the quality of the one, and the value of the other.

The judgment in the former action was by the consent of the original defendants. Is it clearly shown that they did not know, or might not, with ordinary attention to their business, have known, that the facts now sworn to existed before that judgment? No affidavit states explicitly when any trial or particular experiment was made to test the properties of the said machine, at least, by or in the presence of skillful workmen or competent judges. The evidence is all confined to one or two machines, and is drawn from those whose opinions upon this subject cannot deserve any great consideration.

The court, it is apprehended, will not disturb the judgment rendered under such circumstances, and submit to try the petitioners eighteen months or more after the purchase of the spinning

M

Chittenden, Jan. 1828.　} machine, without plain and positive
_Burnham et al._ vs. _Brewster._ } proof of fraud, or of an actual and essential failure of consideration, which common diligence and prudence could not have foreseen or prevented.—7 _Mass. Rep._ 205, _Bond_ vs. _Cutler._—13 _Mass. Rep._ 302, _The Inhabitants of Stockbridge_ vs. _the Inhabitants of West Stockbridge._

Hutchison, J. delivered the opinion of the court as follows, (first stating the case as herein before stated,)　The affidavits read in support of this petition go great lengths, if not to show the machines are entirely useless, at least to show them of much less value than if they had been as reprsented by the agent of _Brewster_ when he made the sale and took the note in question.　They also place beyond controversy the fact that the note in question was given as part of the purchase money for the right of making, using and vending said machines for said three counties.　And the affidavits of the petitioners sufficiently satisfy the court that the grounds of defence now desired to be set up to the original action were too little known when the action was defaulted to afford any prospect of a defence.　The petitioners were, therefore, not in fault in neglecting at that period to interpose their defence.　It was their interest to make the most they fairly could of their purchase, and to test the utility of the machines so as to render them, or the right to make, use and vend them, saleable to others.　Such experiments as might well result from this interest were in progress when the action was defaulted; but the result of those experiments was not fully known till afterwards.　Justice seems now to require that the petitioners should have an opportunity to lay their defence before a jury for their decision.　A new trial is, therefore, granted on terms, that the petitioners recover no past cost in the action, nor the cost of this petition ; and if the said _Brewster_ elect to enter a non suit in the action on the first day of the next term of the County Court, he is at liberty so to do without paying cost.　But, before this decision granting a new trial is recorded, the petitioners must enter into a rule that the judgment in favor of the sheriff on the receipt for the property attached, and the mortgage given to secure the same, stand good, as if no new trial were granted, as security for the payment of any sums said _Brewster_ may recover on a final trial in the original action.

The terms were complied with and } Chittenden Jan. 1828.
a new trial was granted. } Burnham et al. vs. Brewster.

Robinson, *Van Ness* and *Allen*, for the petitioners.

*Bailey*, for the petitionee.